UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-21562-CIV-LENARD/O'SULLIVAN

MANUEL CORZO and all others
similarly situated pursuant to
29 U.S.C. 216(b)

    Plaintiff,

v.

BRIGHT BRASS & METAL PAINTING,
CO., and OSWALDO JIMENEZ,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND RECOMMENDING THAT FLSA CLAIM BE DISMISSED

THIS MATTER came before the Court following a settlement conference before the undersigned regarding the overtime wage claim (Count I) and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the settlement agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA") (Count I) and a claim for retaliatory discharge in violation of ERISA Section 510, 29 U.S.C. § 1140 (Count II), which is not subject to the terms of the parties settlement and remains pending.

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United

States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id.  The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide factual dispute regarding the amount of overtime owed. The Court has reviewed the terms of the settlement agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide dispute regarding the overtime wage claim (Count I). Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' settlement agreement regarding the overtime wage claim (including attorney's fees and costs) is hereby APPROVED. It is further

**RECOMMENDED** that the FLSA overtime wage claim (Count I) BE DISMISSED and this Court **retain jurisdiction until November 1, 2011** to enforce the terms of the settlement. The undersigned further RECOMMENDS that the retaliatory discharge claim (Count II) be set for trial.

**DONE AND ORDERED** in Chambers at Miami, Florida this **20th** day of July, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record